UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-00149-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JAYTON GILL | ) | |

**THIS MATTER** is before the Court upon a motion of the defendant to modify conditions of his supervised release,[1] (Doc. No. 46), which the United States Probation Office opposes.

The defendant pled guilty to operating an unlicensed money transmitting business and willful failure to file tax evasion, resulting in a 21-month sentence of imprisonment and a 1-year term of supervised release. (Doc. No. 30: Judgment at 1-3). His supervised release conditions require him to work full time and not leave the district where he is authorized to reside without first receiving permission from the Court or the probation officer. (Id. at 3). This Court has retained jurisdiction over the case in the Western District of North Carolina, and the Middle District of North Carolina accepted courtesy supervision.

The defendant seeks the removal of the work condition, asserting he is financially secure and perfectly capable of supporting his family. (Doc. No. 46:

---

[1] Document Number 46 is a corrected version of Document Number 45, which will be termed by this Order.

Motion at 3).  He would rather spend time with his family and take care of their home. (Id.).  The United States Sentencing Guidelines recommend the standard work condition, which serves the statutory purposes of public protection and rehabilitation. USSG §5D1.3(c)(7); 18 U.S.C. §§ 3553(a)(2)(C) and (D), 3563(b)(4), 3583(d); United States v. McKissic, 428 F.3d 719, 724-25 (2005).  Evidence shows the importance of obtaining meaningful, long-term employment in desisting from crime. Administrative Office of U.S. Courts, Overview of Probation and Supervised Release Conditions 29-30 (2024).[2]  Even where a defendant has the legal means to support himself, the work condition is reasonably related to the statutory purposes of public protection and rehabilitation by providing structured, productive routine. United States v. Schwartz, No. 2:17-cr-111-TLN, 2019 WL 6918373, at *3 (E.D. Cal. Dec. 19, 2019).  Accordingly, the Court will deny the defendant's request to remove the work condition.

The defendant also seeks to travel freely into the nearby Eastern District of North Carolina to visit his son's school, shop at preferred stores, visit doctors, and exercise at the gym he chose to join. (Doc. No. 46: Motion at 1-3).  He does not allege that he has been prevented from any of these activities.  The Court shares the probation officer's disagreement with this request and finds the defendant's convenience is outweighed by the need for proper supervision when the defendant is outside of the district in which he resides.

---

[2]  Available at:
https://www.uscourts.gov/sites/default/files/overview_of_probation_and_supervised_release_conditions_0.pdf

2

**IT IS, THEREFORE, ORDERED** that the motion, (Doc. No. 46), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, and the United States Probation Office.

Signed: February 4, 2025

Robert J. Conrad, Jr.
United States District Judge